10-922-ag
Lian v. Holder

BIA
Mulligan, IJ
A099 939 092

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

QIN LIAN,
> *Petitioner*,

v.                                                            10-922-ag
                                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Claire L. Workman, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the

petition for review is DENIED.

Petitioner, Qin Lian, a native and citizen of the People's Republic of China, seeks review of a February 22, 2010, decision of the BIA affirming the April 7, 2008, decision of Immigration Judge ("IJ") Thomas Mulligan denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Qin Lian, No. A099 939 092 (B.I.A. Feb. 22, 2010), aff'g No. A099 939 092 (Immig. Ct. N.Y. City Apr. 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." Wangchuck v. Dep't of Homeland Security, 448 F.3d 524, 528 (2d Cir. 2006). "Where the BIA adopts an IJ's decision, we review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008), quoting 8 U.S.C. § 1252(b)(4)(B). We review questions of law and the application of law to undisputed fact de novo. See Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008). Pursuant to the REAL ID Act, which governs this case, an adverse credibility determination may be based on an asylum applicant's demeanor, the plausibility of his or her account, inconsistencies in his or her statements, and the consistency of such statements with other evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ reasonably found Lian not credible because of inconsistency between her testimony and that of her witness, and because of her demeanor at the hearing. With respect to inconsistency, the IJ noted that Lian testified that the witness had taken the photographs she

submitted to demonstrate her practice of Falun Gong, while the witness testified that he had not. With respect to demeanor, the IJ found that (1) although Lian appeared "basically fine" on direct examination, she "fell apart" during the government's cross-examination; (2) at various points she would look up at the ceiling "as if in a panic in response to various questions"; and (3) the pauses in her testimony before answering were "beyond what one would expect" from an alien in immigration proceedings asked similar questions.

Lian does not challenge the finding of inconsistency, which in itself stands as a valid basis for the IJ's adverse credibility determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146-47 (2d Cir. 2008); see also 8 U.S.C. § 1158(b)(1)(B)(iii). As for the demeanor finding, assuming without deciding that Lian adequately challenged the IJ's adverse credibility determination before the BIA, her arguments are without merit. Lian's assertion that the IJ's finding that she looked up at the ceiling at "various points" was erroneous is unavailing; the record contains at least two occasions on which the IJ contemporaneously noted Lian's looking at the ceiling, and in any event we defer to the demeanor observations of the IJ, Tu Lin v. Gonzales, 446 F.3d 395, 401 (2d Cir. 2006), whether he notes them for the record at the time or at the conclusion of the hearing. Lian's contention that the pauses in her testimony were natural responses to "complex questions" are no more persuasive, as a reasonable factfinder would not be compelled to credit this explanation. "[W]here the evidence would support either of competing inferences, the fact that this Court might have drawn one inference does not entitle it to overturn the trial court's choice of the other." Healey v. Chelsea Res., Ltd., 947 F.2d 611, 618 (2d Cir. 1991). See also Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir. 2005); Siewe v. Gonzales, 480 F.3d 160, 167-168 (2d Cir. 2007).

3

Given the totality of the circumstances, substantial evidence supports the IJ's adverse credibility determination.  See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008) (finding that this Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.").  Therefore, the IJ properly denied Lian's applications for asylum, withholding of removal, and CAT relief because the only evidence that Lian would be persecuted or tortured depended on her credibility.  See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4